

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H.L. Washburn
County Auditor
Houston, Texas

Dear Sir:

Opinion No. 0-2896
Re: Commissioners' Courts -
Expenditures of county funds
for printing pamphlets not
authorized.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The County Commissioner of Precinct 1 in this County has announced his intention of writing a series of pamphlets, numbering about 20, on different phases of County government procedure and operation for distribution to a small group of citizens and for delivery to any citizen desiring a copy, and requests that the expense incident to the dictation, preparation, printing, and distribution of such pamphlets be paid from public funds of Harris County.

"I attach Pamphlet 1, which you will observe has been copyrighted by the Commissioner, and all persons, including county officials, are prohibited from reproducing any part of the document without written permission of the author. I have examined the document and do not find that it constitutes a report required by law to be made.

"I have carefully examined the statutes and find no legal requirement for reports of this nature from a county commissioner to the public, to the court, or to any person. I do not find that a commissioner is authorized to prepare a budget or to lay down the procedure therefor, but the budget in this County is prepared by the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H.L. Washburn, Page 2

Auditor and adopted by the Commissioners' Court.
I do not find that the Commissioners' Court it-
self is authorized to prepare reports of this
nature, and no relation is seen between this do-
cument and the maintenance and construction of
public roads.  I believe that the Commissioners'
Court itself has authority to incur any expense
reasonably incident to the maintenance and con-
struction of County roads, but it does not appear
that this expense is necessary thereto or even
reasonably incident to anything connected with
the maintenance or construction of roads.

"Official reports are required of certain
officers, but none of this type are required of
a County commissioner or from the Commissioners'
Court.  Certain officers have the right to pre-
scribe the system of accounts, budgets, and pro-
cedure, but such authority is not vested in the
Commissioners' Court.

"Without a discussion of the multitude of
authorities on the subject, it is reasonably
safe to say that the law in this State is that
commissioners' courts, while courts of general
jurisdiction within the sphere of their activi-
ties, have only such authority as is given by
the Constitution and statutes of the State, or
such as may be reasonably incident to carrying
out an express authority.  Therefore, it is not
to be implied that a county commissioner or the
commissioners' court itself has the authority
to issue at public expense documents of the type
hereto attached.

"If any county officer is permitted to
write, print, and distribute documents of this
type, a precedent would be established for per-
mitting the Assessor and Collector of Taxes to
write a volume on the question of taxation, the
County Engineer to write one upon questions of
engineering and road building, the County Health
Officer to write one upon public health, and, in
fact, the bars would be let down by implication,

453

incurring a great deal of expense from public funds which obviously does not represent a public purpose and does not flow from any statutory authority or requirement.

"Am I, as County Auditor, under the requirements of the County Auditors' Law, authorized to pay claims so incurred and approve warrants therefor from public funds?

"I have duly submitted the question to the District Attorney and to Mr. Ernest Knipp, an attorney of Houston, and requested their views. As a matter of information, I attach copies of the opinions given me."

We have also carefully examined and considered the enclosed pamphlet and enclosed copies of opinions rendered you by Honorable Marshall T. Anderson, Assistant District Attorney of Harris County, Texas, and by Honorable Ernest A. Knipp, attorney of Houston, Texas, upon the question, which hold that the commissioners' court has no authority to incur the proposed expenditure and that you, as county auditor, should not approve the warrants therefor.

We quote from 11 Texas Jurisprudence, pages 563-4-5, as follows:

"Counties, being component parts of the state, have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissinners' courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties....

"....Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the state...."

454

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred by the Constitution and statutes of this state. There are abundant authorities to this effect. We cite the following:

Article 5, Section 18, Texas Constitution;
Article 2351, Revised Civil Statutes of Texas;
11 Texas Jurisprudence, pages 563-566;
Bland v. Orr, 39 SW (2d) 558;
Nunn-Warren Publishing Co. v. Hutchinson County, 45 SW (2d) 651;
Hogg v. Campbell, 48 SW (2d) 515;
Landman v. State, 97 SW (2d) 264;
El Paso County v. Elam, 106 SW 393;
Howard v. Henderson County, 116 SW (2d) 791;
Dobson v. Marshall, 118 SW (2d) 621;
Mills County v. Lampasas County, 40 SW 404.

After a most careful search we have been unable to find any statutory authority, express or implied, which would authorize the proposed expenditure.

We think that the opinion and reasoning expressed by you in your request, quoted above, is logical and sound. We think that the conclusion reached by you and the attorneys above named, holding the proposed expenditure to be unauthorized, is eminently correct.

Your question is therefore answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:AW

APPROVED DEC 3, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS